## Simon v. Simon

*Michael H. Engal,* for plaintiff.
*Jerome J. Verlin,* for defendants.

TAKIFF, *J.*, January 25, 1978 — This matter is presently before the court on plaintiff's motion for inspection and petition to compel answers.

The instant proceeding arises out of a complaint in equity which seeks, inter alia, the recovery by plaintiff of a one-half interest in unimproved real estate, and an accounting with respect to the construction and operation of improvements erected upon those premises subsequent to a challenged conveyance. The demand for equitable relief stems from the purported forgery of plaintiff's signature to an agreement of sale and a deed of conveyance.

The motion for inspection requests that the court order defendants to produce and permit the inspection of the following documents.

"1. Deed from Charles Simon et ux. to Sidney D. Simon, Trustee, dated July 6, 1971, PLMcS 331 485.

"2. Copy of the survey which was attached to the agreement of sale of May 1, 1969 in connection with Academy Road, and your copy of the said agreement.

"3. A list of all payments of your personal funds made by them in connection with the acquisition or construction of the project involved.

"4. All communications between you and Charles Simon referring to or in any way involving the said project.

"5. U. S. Fiduciary income tax returns for the years 1972 to date of the two Trusts presently registered owner of the project.

"6. Any appraisals of the completed project."

The petition to compel answers refers to the deposition examination of defendant, Sidney D. Simon, taken August 15, 1977. At that time, counsel

advised the deponent not to answer various questions seeking to elicit financial information. While no specific demand for relief is made in the petition, we assume that an order compelling Sidney D. Simon to answer all the questions he did not answer is what is presently sought.

Defendants' answer to the motion for inspection contends that the first two enumerated documents, the deed and survey, have already been produced. No contrary response has been noted and, hence, this aspect of the matter we view as moot. The remainder of the documents sought and questions posed at deposition seek information generally similar in character and, hence, present a common issue, i.e., whether discovery which is tantamount in scope to a partial accounting is permissible in an equity matter, prior to adjudication of entitlement to an accounting having been made. Upon consideration of the motion, petition and answers thereto, we believe that such discovery is impermissible and conclude that the motion and petition must be denied.

The scope of the ability of the parties to inspect documents and undertake deposition examinations for discovery purposes is, generally, subject only to the limitations contained in Pa. R.C.P. 4007(a) and 4011. The restrictions found in Rule 4007(a) essentially prohibit discovery of privileged or irrelevant matters. However, these specified limitations are not germane as effective discovery limitations where a demand has been made for the special relief of an accounting and plaintiff seeks, under the guise of discovery, to obtain what is substantially tantamount to an accounting.

The threshold issue to be determined is whether plaintiff is entitled to an accounting before one may be awarded in fact. See Pa. R.C.P. 1530. If

discovery is permitted which gives plaintiff the relief he seeks before he shows that he is entitled to it, the accounting demand will be, in practical terms, moot when the matter is to be finally adjudicated. Plaintiff will have had the benefit of an accounting without showing entitlement to it. Defendants will be prejudiced, for in the event that an accounting is denied, plaintiff will have already received their otherwise privileged private financial information. The processes of discovery should not be utilized in order to obtain an accounting simply to help prove at trial that an accounting should be awarded: Frank v. Light Coach Company, Inc., 72 D. & C. 2d 122 (Lebanon Co., 1976).

Wherefore, we enter the following

### ORDER

And now, January 25, 1978, upon consideration of plaintiff's motion for inspection and petition to compel answers, said motion and petition are hereby denied.